# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:17-cr-008
                                     Civil Case No. 1:18-cv-00891

                                       District Judge Susan J. Dlott
-  vs  -                              Magistrate Judge Michael R. Merz

DAMON SELDON,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of Defendant's Motion to Vacate (ECF No. 44). Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

District Judge Dlott has referred the Motion to the undersigned pursuant to Amended General Order 22-05 (ECF No. 47).

1

Defendant filed the Motion to Vacate to obtain relief from his conviction in this case of possession of firearms in furtherance of a drug trafficking crime  The conviction was entered by District Judge Timothy Black on Defendant's plea of guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement who sentenced Defendant to eighty-four (84) months imprisonment in the custody of the federal Bureau of Prisons, five (5) years supervised release with standard conditions; no fine; forfeiture; and a $100 special assessment. (December 14, 2017, Judgment, ECF No. 33).  Defendant took no appeal, but filed this Motion to Vacate a year later by depositing it in the mail at his place of confinement on December 14, 2018 (See ECF No. 44, PageID 2104).

Defendant pleads the following Grounds for Relief:

> **Ground One:**  Ineffective Assistance of Counsel-failure to recognize and object to lack of Govenment's [sic] power over void criminal law, not with the Commerce Clause.
>
> **Ground Two:**  Ineffective Assistance of counsel-failure to recognize and object to lack of power of Government to enforce federal laws within a sovereign State.
>
> **Ground Three:**  Ineffective assistance of counsel-failure to challenge lack of criminal "judicial Power" of the district courts that only have civil jurisdiction.

(Motion, ECF No. 44, PageID 174-77).

## Analysis

**Ground One:  Charging Statutes Are Beyond the Commerce Power**

In his First Ground for Relief, Defendant asserts his offending conduct is beyond the power of the United States to regulate under the Commerce Clause.  He accuses his trial attorney of

ineffective assistance for failure to recognize this constitutional deficiency and use it to have the charges dismissed.

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Nichols v. United States,* 563 F.3d 240, 250 (6th Cir. 2009). A criminal defendant charged with a felony is entitled by the Sixth Amendment to the effective assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335 (1963). An attorney's failure to move for dismissal of charges under a clearly unconstitutional statute would constitute ineffective assistance under the applicable standard in *Strickland v. Washington,* 466 U.S. 668 (1984). Defendant's Motion to Vacate therefore states a claim upon which relief could be granted if the statute[1] under which he was convicted were clearly unconstitutional. It is not.

Defendant pleaded guilty to one count of violating 18 U.S.C. § 924(c)(1)(A)(i) which penalizes possession of a firearm in furtherance of a drug trafficking crime. Federal trial courts are bound by the doctrine of precedent only by the holdings of the Supreme Court and the published holdings of their circuit court of appeals; other legal materials are persuasive only.

Seldon cites no precedent, binding or otherwise, in which a court has adopted his position, to wit, that criminal punishment of possession of firearms in furtherance of drug trafficking is beyond Congressional authority under the Commerce Clause. The closest he comes are concurring opinions of Justice Thomas to the effect that the Supreme Court's contemporary Commerce Clause

---

[1] Seldon also claims the statutes underlying the dismissed charges are unconstitutional on the same basis, to wit, that they are not authorized by the Commerce Clause. If Seldon had challenged the constitutionality of those statutes on direct appeal, he would have lacked standing to do so. However it is arguable that if they were clearly unconstitutional, his trial attorney could have had the whole case dismissed without any plea bargaining. Because the Commerce Clause analysis is the same for all the underlying statutes, this Report will not discuss the dismissed charges separately.

3

jurisprudence allowing regulation of conduct that "substantially affects" interstate commerce is outside the original understanding of the Commerce Clause (See Memorandum, ECF No. 44, citing *United States v. Lopez* , 514 U. S. 549, 587-588 (1995)(Thomas , J. , concurring) and *United States v. Morrison*, 529 U.S. 598 , 627 (2000)(Thomas , J. , concurring)).  Justice Thomas has not yet attracted even one other Justice of the Supreme Court to his position.  Seldon's trial attorney's failure to recognize Thomas's position as "the law" is not deficient performance because it is not the law.

The actual law on the limits of the Commerce Clause power is to be found in *Wickard v. Filburn*, 317 U.S. 111 (1942), where the Court upheld national regulation of the amount of grain produced by a farmer here in Montgomery County that was fed to his own livestock and never left his own farm.  The Supreme Court has recently held Congress has the power to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce and if Congress rationally believes that leaving it unregulated would undermine Congress's ability to regulate the larger interstate activity.  *Gonzales v. Raich*, 545 U.S. 1, 17 (2005)(as to intrastate drug activity), *citing Perez v. United States,* 402 U.S. 146, 151 (1971), and *Wickard.*  The Sixth Circuit has held intrastate production of child pornography is such an activity.  *United States v. Bowers*, 594 F.3d 522 (6th Cir. 2010); *United States v. Chambers*, 441 F.3d 438, 454 (6th Cir. 2006).

Seldon offers a supporting negative inference from the opinion of Mr. Justice Brewer for the Court in *In re Debs*, 158 U.S. 564 (1895).  There the Court upheld federal criminal engagement with a railroad strike because the railroads carried the mail and the Constitution gave Congress express authority over the postal service.  Since the Constitution does not give Congress express

4

authority over guns and drugs, Seldon asks the Court to infer from Justice Brewer's opinion that it has no such power.

Justice Brewer is widely known to have been the nineteenth century's Supreme Court Justice most committed to a laissez faire interpretation of the Fourteenth Amendment. But just ten years after *Debs*, Justice Holmes cautioned that "[T]he 14th Amendment does not enact Mr. Herbert Spencer's Social Statics.[2]" *Lochner v. New York,* 198 U.S. 45 at 74-75 (1905). Holmes comment was prescient because the Court in cases leading up to *Wickard* rejected Brewer's interpretation. Perhaps Justice Thomas will persuade the Court to adopt his view, but until he does is the law of the land. Defendant's First Ground for Relief is without merit.

**Ground Two: Federal Government Lacks Authority Within Sovereign States**

In his Second Ground for Relief, Seldon claims his trial attorney provided ineffective assistance when he failed to recognize that the federal government does not have authority to enforce federal criminal laws in sovereign States and failed to move to dismiss the Indictment on that basis.

This argument is a variant on the First Ground. Seldon asserts that Congress has power to punish "only those matters actually enumerated in the Constitution as crimes and offenses against the Government have recognition as such that can be enforced anywhere within the Union. . ." (ECF No. 44, PageID 195). Without stating what those crimes might be, Defendant offers disquisitions on the power to govern United States territories and the so-called equal footing

---

[2] Spencer's Social Statics was a principal text of the doctrine of Social Darwinism, largely rejected in the United States after the Holocaust. Spencer made a triumphant tour of the United States in 1882, documented in Banquet at Delmonico's by Barry Werth.

doctrine. He never mentions the principle of dual sovereignty under which the same criminal act may be punished both by a State and by the United States. Under the dual sovereignty doctrine, the federal government and a state may separately prosecute a defendant for the same criminal conduct. *United States v. Mardis*, 600 F.3d 693, 696 (6th Cir. 2010). "[When the same conduct transgresses the laws of two sovereigns, it cannot be truly averred that the offender has [for purposes of the Double Jeopardy Clause] been twice punished for the same offense; but only that by one act he has committed two offences." *Puerto Rico v. Sanchez*, 579 U.S. 59 (2016), quoting *Health v. Alabama*, 474 U.S. 82 (1985). The dual sovereignty doctrine is supported by the text of the Fifth Amendment because "As originally understood, an "offence" is defined by law, and each law is defined by a sovereign." *Gamble v. United States*, 587 U.S. 678 (2019).

Seldon's second Ground for Relief is without merit and should be dismissed with prejudice.

**Ground Three:  Lack of Authority by District Court to Exercise Criminal Jurisdiction**

In his Third Ground for Relief, Seldon claims his attorney provided ineffective assistance of counsel when he failed to recognize that United States District Courts lack authority to hear and decide criminal cases and to use that knowledge to move to dismiss for lack of jurisdiction.

The proposition that the federal courts do not have criminal jurisdiction is so novel that it is not surprising that defense counsel did not recognize it as the law. The federal courts purport to exercise that jurisdiction thousands of times a day. Indeed, the office of United States Commissioner, the predecessor office to that of Magistrate Judge, was created in the first Judiciary Act of 1789 so that someone other than an Article III judge could set bond. Seldon admits that it was not until the case of *Steel Co. v. Citizens for Better Env ' nt*, 523 U.S. 83 (1998), that

6

the Court actually declared that the "judicial Power" of the United States does not extend to criminal cases at all." (ECF No. 44, PageID 201). The short answer to Seldon's argument is that *Steel Co.* did nothing of the kind. In deciding the meaning of "cases and controversies" in Article III, § 2, Justice Scalia wrote:

> We have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process. *Muskrat v. United States, supra,* at 356–357, 31 S.Ct., at 253–254. Such a meaning is fairly implied by the text, since otherwise the purported restriction upon the judicial power would scarcely be a restriction at all. Every criminal investigation conducted by the Executive is a "case," and every policy issue resolved by congressional legislation involves a "controversy." These are not, however, the sort of cases and controversies that Article III, § 2, refers to, since "the Constitution's central mechanism of separation of powers depends largely upon common understanding of what activities are appropriate to legislatures, to executives, and to courts." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

523 U.S. at 102. Seldon has again taken the word "case" as used in Article III to have a univocal meaning when Justice Scalia precise point is that it has different meanings in different contexts. An Executive investigation may be called a "case" in an unexceptionable use of the word, but it does not become a case in the same sense the Framers used that word in Article III until the Executive brings that case to court. *Steel Co.* does not begin to suggest federal district courts do not have jurisdiction to adjudicate criminal cases. Seldon's Third Ground for Relief is also without merit and should be dismissed with prejudice.

7

**Conclusion**

It plainly appears from the Motion, the attached exhibit, and the record of prior proceedings that Defendant is not entitled to relief.  It is accordingly respectfully recommended that the Court deny the Motion with prejudice and direct the Clerk to notify the Defendant.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 22, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #