IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| United States of America, | : | |
|---|---|---|
| | : | Case No. 1:17-cr-8 |
| Plaintiff, | : | Case No. 1:10-cr-93 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Damon Seldon, | : | **Order Denying Motions** |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Damon Seldon's Motions for a reduction of sentence and to appoint counsel. (Case No. 1:17-cr-8, Doc. 46; Case No. 1:10-cr-93, Docs. 199, 200, 201). For the reasons that follow, Seldon's Motions will be **DENIED**.

On January 18, 2017, Seldon was indicted in Case Number 1:17-cr-8. Seldon was on supervised release in Case Number 1:10-cr-93 at the time of indictment. On June 29, 2017, Seldon pled guilty to Count 6 of the Superseding Indictment, possession of a firearm in furtherance of an offense, in violation of 18 U.S.C. §§ 924(c)(1) and 2. (Case No. 1:17-cr-8, Doc. 26; July 6, 2017 Minute Entry.) Seldon was sentenced on September 28, 2017 to 84 months of imprisonment, five years of supervised release, forfeiture, and a $100 special assessment. (Case No. 1:17-cr-8, Docs. 31, 33, 34; Sept. 28, 2017 Minute Entry.) On December 14, 2017, Seldon was sentenced to 36 months of imprisonment in Case Number 1:10-cr-93 to run consecutively with the term of imprisonment in Case Number 1:17-cr-8 for violating his supervised release by committing another federal felony offense. (Case No. 1:10-cr-93, Doc. 192.)

Seldon now seeks compassionate release in both of his cases. He asserts that he contacted the Assistant Federal Public Defender about whether he qualified for a sentence

reduction under Amendment 821 to the United States Sentencing Guidelines and was advised he did not qualify. Seldon disagrees and asks the Court to appoint him an attorney and "direct[ ] counsel to file an Amendment 821 Motion." (Case No. 1:17-cr-8, Doc. 46 at PageID 208.) He filed the same motion, along with a request for counsel and additional motion for sentence reduction in Case Number 1:10-cr-93. (Case Number 1:10-cr-93, Docs. 199, 200, 201.) The Government has not filed a response.

Amendment 821 to the Sentencing Guideline impacts the calculation of a defendant's criminal history. Part A of Amendment 821 amends U.S.S.G. § 4A1.1 to strike two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. *Id.* Part A adds a new subsection (e) that adds one criminal history point for any defendant who receives seven or more points and who committed the offense while under any criminal justice sentence. *Id.* Part B, Subpart 1 of Amendment 821 adds a new § 4 C1.1, "Adjustment for Certain Zero-Point Offenders." U.S.S.G. Amend. 821; U.S.S.G. § 4 C1.1. This new guideline authorizes a two-offense level decrease for certain defendants who have zero criminal history points whose offense did not involve specific aggravating factors. U.S.S.G. amend. 821 pt. B.[1]

---

[1] A defendant is eligible for the Zero-Point Offender adjustment only after meeting all of the following criteria:

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;

The Sentencing Commission made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; *see* U.S.S.G. § 1B1.10(d). Nonetheless, a district court may not modify a defendant's sentence based on a retroactive amendment unless the defendant is eligible under U.S.S.G. § 1B1.10. A defendant is not eligible if applying the retroactive amendment does not lower the defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B); (d), n.1.

Seldon is not eligible for a reduction under Amendment 821 to the Sentencing Guidelines. The Sentencing Guideline for an 18 U.S.C. § 924(c) offense is U.S.S.G. § 2K2.4. According to U.S.S.G. § 2K2.4(b), if the defendant was convicted of violating section 18 U.S.C. § 924(c), the guideline sentence is the minimum term of imprisonment required by statute. Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) do not apply to the 18 U.S.C. § 924(c) count of conviction. U.S.S.G. § 2K2.4(b); (PSR, ¶ 27). In Case No. 1:17-cr-8, Seldon's minimum term of imprisonment required by 18 U.S.C. § 924(c) was 60 months. (PSR, ¶ 129.) As such, Amendment 821 has no bearing on Seldon's sentence and is inapplicable to him.

---

> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

U.S.S.G. § 4C1.1(a).

3

Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if . . . an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Such is the case here. Amendment 821 has no bearing on lowering Seldon's sentencing guideline range. For this reason, Seldon is not eligible for a sentence reduction.

Seldon's Motions (Case No. 1:17-cr-8, Doc. 46; Case No. 1:10-cr-93, Docs. 199, 200, 201) are, therefore, **DENIED**.

**IT IS SO ORDERED**.

_Susan J. Dlott_
Susan J. Dlott
United States District Judge